UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PEDRO MONDRAGON,                                    CIV. NO. 13-1215(DSD/JSM)

      Plaintiff,                                    REPORT AND RECOMMENDATION

v.

Federal National Mortgage Association, et.al.

      Defendants

The above matter came before the undersigned on Defendants' Motion to Dismiss [Docket No. 4]. This matter was decided on the parties' written submissions. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A),(B) and Local Rule 72.1(c) and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 16, 2013 [Docket No. 14].

Plaintiff seeks to invalidate the foreclosure of the mortgage on his home. Plaintiff asserts three claims against defendants: (1) quiet title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons below, the Court recommends that defendants'[1] Motion to Dismiss be granted and plaintiff's claims be dismissed with prejudice.

---

[1] In the caption of his Complaint, plaintiff also purports to sue "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." As "[t]here are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed. See Sonsalla v. Mortgage Elec. Registration Sys., Inc., Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

## I.      BACKGROUND

Plaintiff sued defendants Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration System, Inc. ("MERS"), and MERSCORP, Inc. (collectively "defendants") in Minnesota state district court on April 22, 2013.  Notice of Removal, p. 1 [Docket No. 1].  Defendants removed the matter to Federal District Court on May 21, 2013.  Id., p. 2.  Defendants moved to dismiss plaintiff's Complaint in lieu of answering.

The facts bearing on defendants' motion to dismiss are as follows.  Plaintiff acquired his interest in property in Minneapolis, Minnesota ("Property') on June 26, 2007, by Warranty Deed.  Complaint, ¶¶1, 2 [Docket No. 1-1].  Also on June 26, 2007, plaintiff executed and delivered a promissory note to Countrywide, Inc., and a mortgage in favor of MERS as nominee for Countrywide.  Id., ¶6, Ex. 1 (Mortgage).

On October 12, 2011, Fannie Mae executed a Limited Power of Attorney authorizing Seterus, Inc. ("Seterus") to perform a variety of duties associated with the foreclosure of mortgages including the issuance of assignments of mortgages. Unsworn Declaration of Jeffrey D. Klobucar in Support of Motion to Dismiss ("Klobucar Decl.") [Docket No. 7], Ex. 1, ¶6.  This Limited Power of Attorney was recorded in the Hennepin County Recorder's office on December 16, 2011.  Id.

On April 6, 2012, Seterus drafted an Assignment of Mortgage from MERS to Fannie Mae.  Complaint, ¶9.  Tiffany Bitsoi, Assistant Secretary for MERS, signed the Assignment of Mortgage to Fannie Mae.  Id.  The Assignment was recorded in the Hennepin County Recorder's office on June 26, 2012.  Id., Ex. 2 (Assignment of Mortgage).  Plaintiff alleged "on information and belief" that Bitsoi lacked authority to

sign the Assignment for MERS because at the time, she resided in Idaho and was employed by CTX Mortgage, also located in Idaho, and she was not an Assistant Secretary for MERS.  Id., ¶10, Ex. 3 (Affidavit of Private Investigator).  Plaintiff also alleged that because there was no recording of the power of Bitsoi, as an employee of CTX, to execute foreclosure documents for MERS, this amounted to a violation of Minn. Stat. §580.05.  Id., ¶10.

On July 2, 2012, attorney Steven R. Pennock, with the law firm of Reiter & Schiller, on behalf of Fannie Mae, signed a Notice of Pendency empowering Reiter & Schiller to foreclose on the Property and bid for the Property at a foreclosure sale.  Id., ¶¶12, 13.  The Notice of Pendency was recorded in the Hennepin County Recorder's office on July 3, 2012.  Id.; Ex. 5 (Notice of Pendency).  Plaintiff pled "on information and belief" that Pennock lacked legal authority to execute the Notice of Pendency because when he signed it, there was no recorded power of attorney from Fannie Mae to Reiter & Schiller empowering the firm to act on its behalf.  Id., ¶14.

On July 10, 2012, Fannie Mae, through Reiter & Schiller, noticed a sheriff's sale for August 29, 2012.  Id., ¶17.  The first date of publication of the notice of sale was July 12, 2012.  Id., Ex. 8 (Sheriff's Certificate of Sale and Foreclosure Record).

On July 24, 2012, Rebecca Graves, Loan Administration Vice President of Seterus and attorney-in-fact for Fannie Mae, signed a Power of Attorney empowering Reiter & Schiller to foreclose on the Property.  Id., ¶¶14, 15, Ex. 6 (Power of Attorney). The Power of Attorney was recorded in the Hennepin County Recorder's office on August 7, 2012.  Id., Ex. 6.  Plaintiff pled "on information and belief" that Graves lacked the legal authority to execute the Power of Attorney because there was no recorded

power of attorney from Fannie Mae to Seterus authorizing Seretus to act on its behalf. Id., ¶16.

Plaintiff executed an Affidavit of Postponement pursuant to Minn. Stat. §580.07 and recorded the Affidavit on August 14, 2012. Id., ¶18. A foreclosure sale was held on January 29, 2013, and Reiter & Schiller, on Fannie Mae's behalf, bid in the debt allegedly owed to Fannie Mae. Id., ¶19. The Sheriff's Certificate of Sale was recorded in the Hennepin County Recorder's Office on February 4, 2013. Id., ¶19; Ex. 8 (Sheriff's Certificate of Sale and Foreclosure Record). According to plaintiff, Fannie Mae "and/or" Reiter & Schiller knew that the Assignment of Mortgage, Notice of Pendency and the Power of Attorney were void, and as a result, the foreclosure was void, and plaintiff remained the owner in fee title of the Property. Id., ¶¶20-22.

Plaintiff pled the following causes of action:

Count I sought a determination of adverse claims under Minn. Stat. §599.01, et seq. This Count alleged that defendants' claim to an interest in the Property was void because: (1) Fannie Mae did not have the mortgagee's power of sale on the date of the sheriff's sale; and (2) the foreclosure was void because (a) individuals executing the foreclosure documents did not have the legal authority to execute the documents when signed, and (b) defendants did not record the necessary powers of attorney authorizing the foreclosure. Id., ¶29. Count I further alleged that in a quiet title action, defendants have the burden of proof, and consequently, Fannie Mae must prove its interest in the Property by a preponderance of the evidence. Id., ¶¶27, 28.

Count II sought a declaratory judgment pursuant to Minn. Stat. §555.02 that the Assignment of Mortgage from MERS to Fannie Mae, the Notice of Pendency and Power

of Attorney were void, and that plaintiff remained the fee owner of the Property.  Id.,
¶¶32, 33.

Count III alleged slander of title based on the recording of the Assignment of
Mortgage and Power of Attorney, which plaintiff claimed were false documents and not
executed by legally authorized persons, and Fannie Mae and Reiter & Schiller knew or
should have known the documents were false.  Id., ¶¶35-38.

As relief, plaintiff sought a determination of the alleged adverse interests in the
property; a declaratory judgment that the Sheriff's Certificate of Sale, Assignment of
Mortgage, Notice of Pendency, and Power of Attorney are void; an order that plaintiff is
the fee owner of the property; and damages.  Complaint, Prayer for Relief, ¶¶I, II, III.

Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure, contending that plaintiff's quiet title claim fails
because, having defaulted on the note, he has unclean hands and is not entitled the
equitable relief afforded by the claim.  Defendants' Memorandum of Law in Support of
Motion to Dismiss ("Def. Mem."), p. 5 [Docket No. 6].  Additionally, defendants argued
the quiet title claim failed because it rested on speculative contentions that neither
Seterus nor Bitsoi, Pennock and Graves had the authority to execute the assignment of
mortgage or foreclosure-related documents, plaintiff's contentions were belied by the
documents in the public record, and in any event, defendants' alleged conduct did not
violate Minn. Stat. §580.05 as a matter of law.  Id., pp. 8-12.  As for the slander of title
claim, defendants submitted that it must be dismissed because plaintiff had not stated
any facts to support the elements of the claim.  Id., pp. 12-13.

## II.    LEGAL STANDARDS

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true.  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).   In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S., at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 677 (quoting Twombly, 550 U.S. at 556).  "[T]he plausibility standard, which

requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ritchie v. St. Louis Jewish Light</u>, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted).   "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment.  Fed. R. Civ. P. 12(d).  "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment.  <u>See</u> <u>Little Gem Life Sciences, LLC v. Orphan Medical, Inc.</u>, 537 F.3d 913, 916 (8th Cir. 2008) (quoting <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted)); <u>see</u> <u>also</u> Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); <u>Mattes v. ABC Plastics, Inc.</u>, 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

## II.  DISCUSSION

### A.  <u>Quiet Title</u>

In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."  Minn. Stat. §559.01.

In response to defendants' motion to dismiss the quiet title claim, plaintiff contended that because his suit originated in state court, all he had to plead was that he was in possession of the Property and that defendants had a claim adverse to him. Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl. Opp. Mem."), pp. 8-10. [Docket No. 9].  Further, plaintiff maintained that as defendants had the burden of proof with respect to his quiet title claim, the federal rules could not be applied in a manner that denied him state substantive rights.  Id., pp. 9-11.

The position urged by plaintiff – that this Court should apply the Minnesota state court pleading standards to her quiet title claim – is meritless.  Plaintiff's counsel has made this exact argument in the past and the Eighth Circuit could not have been more emphatic in its response: "[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."  Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013); see also Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013) (quoting Karnatcheva); Novak v. JP Morgan Chase Bank, 518 F. App'x 498, 501 (8th Cir. 2013) (quoting Karnatcheva)); Gharwal v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (noting that the Eighth Circuit has "squarely and repeatedly rejected" this argument).

In addition, the Eighth Circuit has settled the "burden of proof" argument advocated by plaintiff.  See Karnatcheva, 704 F.3d at 548.  As the court explained in Gharwal:

> Karnatcheva rejected that [burden of proof] argument, specifically holding that § 559.01 and the other authority on

which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. <u>Karnatcheva</u>, 704 F.3d at 548. Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; <u>Karnatcheva</u> is binding precedent, and this Court must apply it. The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[2] has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." <u>Welk v GMAC Mortg., LLC</u>, 850 F.Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts. The claim fails under Rule 12(b)(6).

2013 WL 4838904, at *3.

Thus, this Court has reviewed plaintiff's quiet title claim applying the standards governing Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

The "gist" of plaintiff's quiet title claim is that because Fannie Mae failed to strictly comply with Minnesota law governing foreclosures by advertisement, the foreclosure of his Mortgage was void. This theory fails for a number of reasons.

First, mere allegations of a defendant's possession of the property and conclusory statements that the defendant's adverse claims are invalid are insufficient to state a claim for relief. <u>See Karnatcheva</u>, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."); <u>Yang Mee Thao-Xiong v. American Mortg. Corp.</u>, Civil No. 13-354 (MJD/TNL), 2013 WL 3788799,

---

[2]     Both Gharwal and Karnatcheva were represented by William Butler, plaintiff's counsel in the instant case.

at *4 (D. Minn. July 18, 2013) (quoting <u>Novak v. JP Morgan Chase Bank, N.A.</u>, Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012), <u>aff'd</u>, 518 F. App'x 498 (8th Cir. 2013)) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

In the instant case, plaintiff has made wholly unsupported statements on "information and belief" about the alleged lack of legal authority by Bitsoi, Pennock, and Graves to sign documents, and the alleged lack of recorded powers of attorney from Fannie Mae to Reiter & Schiller or from Fannie Mae to Seterus authorizing Reiter & Schiller and Seterus to act on behalf of Fannie Mae.  Complaint, ¶¶10, 14, 16.  Pleading these alleged "facts" on "information and belief," cannot save plaintiff's Complaint.  <u>Id.</u> While it is true that the "Eighth Circuit has yet to address whether a pleading based on 'information and belief' is sufficient to state a claim," <u>LaCroix v. U.S. Bank, NA</u>, Civ. No. 11–3236 (DSD/JJK), 2012 WL 2357602, at *6 (D. Minn. June 20, 2012), on the other hand, the Eighth Circuit and courts in this District have unequivocally held that conclusory allegations lacking in factual support are insufficient to satisfy the Rule 8 pleading standards or the standards articulated in <u>Iqbal</u> and <u>Twombly</u>.  <u>See Karnatvcheva</u>, 704 F.3d at 548; <u>Blaylock v. Wells Fargo Bank, N.A.</u>, 502 Fed. Appx. 623, 2013 WL 1688894, at *1 (8th Cir. April 19, 2013) (based on <u>Karnatcheva</u>, dismissed quiet title claim for falling short of federal pleading requirements); <u>Iverson v. Wells Fargo Bank, N.A.</u>, 2013 WL 1688903 (8th Cir. April 19, 2013) (unpublished) (same); <u>Sorem v. Bank of New York Mellon</u>, Civ. No. 13-290 (DWF/JSM), 2013 WL 4611115, at *2-3 (D. Minn. Aug. 29, 2013); <u>Ko v. Mortgage Elec. Registration Sys.</u>, Civ.

No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); <u>Quale v. Aurora Loan Servs., LLC</u>, Civ. No. 13-621 (JNE/AJB), 2013 WL 3166584, at *1 (D. Minn. June 20, 2013) (string citation omitted); <u>Lara v. Federal Nat'l Mortg. Ass'n</u>, Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); <u>Schumacher v. Federal Home Loan Mortg. Corp.</u>, Civil No. 13-29 (DSD/FLN), 2013 WL 3033746, *2 (D. Minn. June 17, 2013).  That is the case here.

Contrary to plaintiff's unsupported assertions, the documents referenced in and attached to the Complaint, along with the Limited Power of Attorney appointing Seterus as Fannie Mae's attorney-in-fact to engage in a variety of acts with respect to Fannie Mae's mortgages, show an unbroken chain of title from MERS to Fannie Mae, a properly recorded Power of Attorney and Notice of Pendency, and a properly recorded Sheriff's Certificate of Sale.  Complaint, Exs. 2, 5, 6, 8; Klobucar Decl., Ex. 1.  The Sheriff's Certificate of Sale, (Complaint, Ex. 8), is <u>prima</u> <u>facie</u> evidence that Fannie Mae (the foreclosing entity) complied with all legal requirements regarding the foreclosure and that the foreclosure and sale were proper.  Minn. Stat. §580.19.  Plaintiff stated no facts in his Complaint to rebut this evidence and none of the documents attached to his Complaint support a claim that Fannie Mae did not follow the requirements of Minn. Stat. §580.05.[3]

---

[3]     Minn. Stat. §580.05 states:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had.  If such attorney be employed on behalf of such mortgagee or

Second, plaintiff lacks standing to complain of any alleged defect in the Assignment of Mortgage from MERS to Fannie Mae--i.e. that Bitsoi lacked the authority to execute the assignment.[4]  Walker v. Bank of Am., N.A., Civ. No. 11-783 (ADM/JSM), 2013 WL 5771154 at *5 (D. Minn. Oct. 24, 2013) ("As has been repeatedly held in this district, mortgagors lack standing to challenge the validity of a subsequent assignment of mortgage."); Novak, 2012 WL 3638513, at *6 ("plaintiffs lack standing to challenge the assignment: they are not parties to the assignment and any dispute would be between the assignor and assignee"); Quale, 2013 WL 3166584, at *1 ("Insofar as the Quales based their claims on the allegations that an individual lacked authority to execute the assignment of mortgage, the Court rejects this argument because the Quales lack standing to make such a challenge, and even if they did have standing, their claims are fatally implausible and speculative."); Forseth v. Bank of Am., N.A., Civil No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013) ("The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation.  But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan. There is no allegation in the Amended Complaint that any of these individuals falsely initiated

---

assignee by an attorney in fact, the attorney's authority shall
likewise be evidenced by recorded power.

[4]     Fannie Mae did not raise standing.  Nevertheless, "[c]ourts are 'obligated to examine standing sua sponte where standing has erroneously been assumed. . . .'" Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting Adarand Const., Inc. v. Mineta, 534 U.S. 103, 109 (2001)).

foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event.  The Forseths defaulted on their mortgage by not making payments as they promised.  Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims.") (citations omitted); <u>Kaylor v. Bank of Am., N.A.</u>, Civ. No. 12-1586 (DSD/SER), 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (finding that even if individual who effectuated the assignment of the mortgage did not have authority to do so, homeowners not a party to the mortgage assignment had no standing to challenge the assignment.); <u>Sovis v. Bank of New York Mellon</u>, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (finding that general allegations that defendants unlawfully foreclosed on plaintiff's home pursuant to a series of invalid assignments of mortgage, "cannot furnish the causal nexus necessary to establish standing to assert her claims."); <u>Gerlich v. Countrywide Home Loans, Inc.</u>, Civ. No. 10-4520 (DWF/LIB), 2011 WL 3920235, at *2–3 (D. Minn. Sept. 7, 2011) (plaintiff not a party to the assignment and, therefore, lacked standing to assert a claim regarding the assignment); <u>Kebasso v. BAC Home Loans Servicing, LP</u>, 813 F. Supp.2d 1104, 1113 (D. Minn. 2011) (finding that mortgagors lacked standing to challenge the defendants' authority to foreclose, as "'any disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement.' The court reaffirmed the principle that 'legal and equitable title can be separated' and if a dispute arises between the holder of legal and equitable title with respect to foreclosure, '[i]t is a matter between them alone, and does not concern the

mortgagor,' and such a transaction does "not affect the interests of the mortgagor, and he could not object.'") (quoting <u>Jackson v. Mortgage Elec. Registration Sys., Inc.</u>, 770 N.W.2d 487, 500 (Minn. 2009)).

Third, plaintiff's assertion that the foreclosure was void under Minn. Stat. §580.05 because there were no recorded powers of attorney granting Bitsoi the authority to execute the Assignment of Mortgage or authorizing Graves to execute the Power of Attorney granting Reiter & Schiller the power to foreclose, (Complaint, ¶¶10, 16; Pl. Opp. Mem. p, 7), is rejected.  To begin with, Bitsoi's execution of the Assignment was not an action undertaken in connection with foreclosure, so the requirements of Minn. Stat. §580.05 have no bearing on Bitsoi's conduct.  Further, as just discussed, even assuming that Bitsoi lacked authority to sign the Assignment, plaintiff does not have standing to assert that claim.

As to Graves, the Seterus employee who signed the Power of Attorney for Fannie Mae granting Reiter & Schiller the power to foreclose the Property, she too was not the attorney employed by Fannie Mae to conduct the foreclosure sale.  Therefore, Minn. Stat. §580.05 does not apply to Graves.  <u>See</u> <u>Bland v. Deutsche Bank Nat'l Trust Co.</u>, Civ. No. 13-758 (DWF/JJG), 2013 WL 4519423, at *3 (D. Minn. Aug. 26, 2013) (citing <u>Molde v. CitiMortgage, Inc.</u>, 781 N.W.2d 36, 43 (Minn. Ct. App. 2010) (concluding that the legislature "did not intend to require that a document evidencing the authority of an attorney-in-fact to initiate foreclosure by advertisement be recorded in the tract index.").  In short, there is no provision requiring Fannie Mae to record a power of attorney authorizing Seterus to act on its behalf.        Third, a quiet title action is a proceeding in equity and as such, a plaintiff who seeks to quiet title must come to court

with clean hands. <u>Haubrich v. U.S. Bank Nat'l Ass'n</u>, Civ. No. 12-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012), <u>aff'd</u>, 720 F.3d 979 (8th Cir. 2013). <u>See also</u> <u>Yang Mee Thao-Xiong</u>, 2013 WL 3788799, at *4 (plaintiff's unclean hands in defaulting on her mortgage prevented her from seeking equitable relief); <u>Stilp v. HSBC Bank USA, NA</u>, Civ. No. 12-2098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013) ("[p]laintiffs defaulted on their mortgage loan over four years ago. They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands.") (citation omitted). Plaintiff, having defaulted on his mortgage, comes to court with unclean hands and is precluded from pursuing a quiet title claim. <u>Novak</u>, 2012 WL 3638513, at *4 (citing <u>Santee v. Travelers Ins. Co.</u>, 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a quiet title claim).

For all of these reasons, plaintiff's quiet title claim should be dismissed.

**B.** **Slander of Title**

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. <u>Paidar v. Hughes</u>, 615 N.W.2d 276, 279–80 (Minn. 2000) (citation omitted). To plead malice, plaintiff "must raise factual allegations sufficient to create a plausible claim that at least one of the [  ] parties acted with a reckless disregard for the truth, 'despite a high degree of

awareness of probable falsity.'" Dunbar, 709 F.3d at 1258 (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). Additionally, plaintiff must establish that he relied on the alleged false statement. See Welk, 850 F.Supp.2d at 993-94.

Plaintiff responded to defendants' motion to dismiss his slander of title claim by merely restating the allegations from the Complaint. Pl. Opp. Mem., pp. 12-13. This will not do. This claim must be dismissed because plaintiff has alleged no facts from which this Court could infer that defendants made a false statement, acted maliciously or that plaintiff suffered any pecuniary loss from a publication concerning title to his property. See Ko, 2013 WL 4052680, at *4 (dismissing similarly-pled slander of title claim). Significantly, although plaintiff stated in this Count that "[t]he documents were false because unauthorized persons without authority executed the [Power of Attorney] and [Assignment of Mortgage], (Complaint, ¶37), as previously discussed, plaintiff made these allegations "on information and belief" and pled no facts to support his allegations regarding signing authority. See Lara, 2013 WL 3088728, at *3 (dismissing slander of title claim based on allegation that individuals signing documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations

regarding signing authority."). Therefore, plaintiff failed to state a claim for slander of title, and dismissal is required.[5]

### C. Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action. See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617–618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action"). In light of the Court's conclusion that plaintiff's substantive claims must be dismissed under Rule 12(b)(6), "[he is] left with a remedy in search of right." Scanlon v. Northwest Mortg., Inc., Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012). See also Lara, 2013 WL 3088728 at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")). Plaintiff's claim

---

[5]    The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims); See also Lubbers v. Deutsche Bank Nat'l Trust Co., Civ. No. 13-926 (DWF/JSM), 2013 WL 6729004, at *13, n. 10 (D. Minn., Dec. 19, 2013); Ko, 2013 WL 3088728, at *4; Pope v. Fed Home Loan Mortgage Corp., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); Haubrich, 2012 WL 3612023, at *6 (D. Minn. Aug. 21, 2012). Defendants did not argue in favor of dismissal based on plaintiff's failure to meet this standard. Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.

for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

For all of these reasons, this Court recommends that plaintiff's suit be dismissed with prejudice.[6]

## III.    RECOMMENDATION

For the reasons set forth above, it is recommended that:

(1)    Defendants' Motion to Dismiss [Docket No. 4] be **GRANTED.**

(2)    This matter be dismissed with prejudice.

Dated: December 30, 2013                   *Janie S. Mayeron*
                                            JANIE S. MAYERON
                                            United States Magistrate Judge

---

[6]    "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983).   Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate.  Such is the case here.  See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice.  Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

**<u>NOTICE</u>**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 14, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.